1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WAYDE HOLLIS HARRIS,

11              Plaintiff,              No. CIV S-09-1557 FCD KJN (TEMP) P

12         vs.

13    STATE OF CALIFORNIA, et al.,      <u>ORDER AND</u>

14              Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

15    _____/

16              Plaintiff is a California prisoner proceeding without counsel and with an action for

17    violation of civil rights under 42 U.S.C. § 1983.  On June 4, 2010, the court screened plaintiff's

18    December 28, 2009 first amended complaint pursuant to 28 U.S.C. § 1915A, and found that

19    service of process was appropriate for defendants Thomas,[1] Ordez, Gudino,[2] Noack,[3] Elsey and

20    ////

21    ////

22    _____

23         [1] Defendant Thomas is identified as defendant "Sara" in plaintiff's first amended
      complaint and the court's June 4, 2010 screening order.

24         [2] Defendant Gudino is identified as defendant "Gadino" in plaintiff's first amended
      complaint and the court's June 4, 2010 screening order.

25

26         [3] Defendant Noack is identified as defendant "Nuack" in plaintiff's first amended
      complaint and the court's June 4, 2010 screening order.

1   Savage[4] with respect to claims arising under the Eighth Amendment and for San Joaquin County

2   with respect to a claim arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et

3   seq. ("ADA").  All of these defendants have appeared and have filed a motion to dismiss.

4   I.  Standard For Motion To Dismiss

5           Defendants bring their motion under Rule 12(b)(6) of the Federal Rules of Civil

6   Procedure.  In considering a motion to dismiss for failure to state a claim upon which relief can

7   be granted, the court must accept as true the allegations of the complaint in question, Erickson v.

8   Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the

9   plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

10          In order to avoid dismissal for failure to state a claim, a complaint must contain

11  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

12  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

13  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

15  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

16  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

17  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

18  S. Ct. at 1949.

19          The court notes that in his opposition to defendants' motion, plaintiff makes

20  assertions of fact not found in plaintiff's first amended complaint.  Because a motion to dismiss

21  under Rule 12(b)(6) is a challenge to the pleadings, facts presented by plaintiff outside of those

22  appearing in the pleadings are not considered.  To consider facts presented outside of the

23  pleadings, the court would have to convert defendants' motion to dismiss to a motion for

24  summary judgment.  See Fed. R. Civ. P. 12(d).  The court will not convert the pending motion to

25

26          [4]  Defendant Savage is identified as defendant "Pyle" in plaintiff's first amended
    complaint and the court's June 4, 2010 screening order.

1    a motion for summary judgment, because, among other things, this action is still in early stages.

2    II.   <u>Eighth Amendment / Fourteenth Amendment</u>

3                Defendants' first argument is that plaintiff's Eighth Amendment claims must be

4    dismissed because he was a pretrial detainee at the time of the events alleged in his first amended

5    complaint and, therefore, the Eighth Amendment did not apply to plaintiff.  Plaintiff's allegations

6    concern events which occurred in the San Joaquin County Jail between January of 2007 and

7    August of 2008.  Pursuant to defendants' request attached to their motion to dismiss, the court

8    takes judicial notice of the fact that plaintiff was not actually sentenced to prison until October

9    24, 2008.  <u>See</u> Fed. R. Evid. 201;  <u>U.S. v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003) (court may

10   consider judicially noticed facts in deciding motion to dismiss).  Plaintiff does not dispute that at

11   all times relevant he was a pretrial detainee in the San Joaquin County Jail.

12                Because the Eighth Amendment applies only to persons who have been sentenced

13   following a criminal conviction, <u>Bell v. Wolfish</u>, 441 U.S. 520, 528 (1979), plaintiff cannot

14   proceed under the Eighth Amendment.  However, as acknowledged by defendants, pretrial

15   detainees receive protection from onerous conditions of confinement from the Fourteenth

16   Amendment and the standards for protection for prisoners under the Eighth Amendment, and

17   pretrial detainees under the Fourteenth Amendment are generally the same.  <u>Frost v. Agnos</u>, 152

18   F.3d 1124, 1128 (9th Cir. 1998).  Therefore, plaintiff will be permitted to proceed with the

19   claims the court previously identified as cognizable under the Eighth Amendment under the

20   Fourteenth Amendment.  To the extent that the court identifies Eighth Amendment principles

21   below, the court implies those principles are equally applicable to plaintiff's Fourteenth

22   Amendment claims.

23   ////

24   ////

25   ////

26   ////

3

1    III.  <u>General Background Allegations</u>[5]

2             Plaintiff alleges that he arrived at the San Joaquin County Jail in January of 2007,

3    and upon arrival he was in need of foot surgery.  Surgery was not performed until February 22,

4    2008.  Generally speaking, plaintiff complains about the care he received after surgery.

5    IV.  <u>Defendants Ordez and Gudino</u>

6             In his opposition to defendants' motion to dismiss, plaintiff requests that

7    defendants Ordez and Gudino be dismissed.  Good cause appearing, the court will recommend

8    that they be dismissed.

9    V.  <u>Defendant Thomas</u>

10            Plaintiff alleges that defendant Thomas, a nurse, caused plaintiff's foot to become

11   infected.  Essentially, plaintiff alleges that on February 25, 2008, three days after surgery,

12   defendant Thomas conducted routine treatment on plaintiff's surgical wound.  Plaintiff alleges

13   that during the visit, Thomas put one of her hands inside a "bio-hazard-waste bin," and

14   subsequently touched and "rubbed" the open wound on plaintiff's foot with the same hand.[6]

15            Jail officials have a limited duty to protect inmates from harm.  <u>See</u> <u>Farmer v.</u>

16   <u>Brennan</u>, 511 U.S. 825, 847 (1994).  A jail official will be liable if he knowingly subjects a

17   detainee to a substantial risk of serious harm and disregards the risk by failing to take reasonable

18   measures to abate it.  <u>Id.</u>

19            While it is a very close call, the court will recommend that defendants' motion to

20   dismiss be denied with respect to defendant Thomas.  The court finds that plaintiff's claim that

21   Thomas was deliberately indifferent to the risk of plaintiff's foot becoming infected and, as a

22   result of that indifference, plaintiff's foot did become infected, has facial plausibility.  While

23   _____

24            [5]  Below, the court recounts only those allegations from plaintiff's complaint necessary
     for an understanding of the claims which are still before the court.

25            [6]  Plaintiff's allegations against defendant Thomas are found on pages 10-11 of plaintiff's
     first amended complaint.  Again, plaintiff refers to defendant Thomas as "Sara" in his amended
26   complaint.

1   plaintiff faces seemingly insurmountable challenges in terms of producing evidence as to the

2   contents of the trash can (which it appears he would have to do to prove defendant knowingly

3   subjected plaintiff to a substantial risk of harm), and that his infection was, in fact, caused by

4   Thomas, those are matters the court considers on a motion for summary judgment.

5   VI.  Defendants Noack and Savage

6          Plaintiff alleges that on May 26, 2008, he was escorted to the shower by

7   defendants Noack and Savage.  Plaintiff alleges that despite the fact that plaintiff was walking on

8   crutches, was wearing a brace from his knee to his toes, and that plaintiff told Noack and Savage

9   he had fallen in the shower on May 12, 2008, Noack and Savage denied plaintiff's request that he

10   be taken to the "handicap" shower.  Instead, Noack and Savage took him to a regular shower

11   which was next to the "handicap" shower.  Plaintiff asserts that, at that time, he had to remove

12   his knee brace for showering and that was not easy to do in a regular shower with no seat or rails

13   considering his foot was very unstable.[7]

14          Noack and Savage were under the same duty to protect plaintiff from substantial

15   risks of serious harm under the Fourteenth Amendment as defendant Thomas.  Id.

16          The court finds that plaintiff fails to state a Fourteenth Amendment claim against

17   Noack and Savage. While the court finds it strange that plaintiff was allegedly not allowed to use

18   the handicapped shower, the court cannot find that the manner in which plaintiff did shower on

19   May 26, 2008, rose to the level of a Constitutional violation.  Plaintiff does not indicate that he

20   ever told defendants Noack and Savage that he felt unsafe in the shower, or that they refused him

21   assistance by helping plaintiff stand, by retrieving a chair for plaintiff, etc.  Also, there is no

22   indication why plaintiff elected to shower if he did feel like he was confronted with a substantial

23   risk of serious harm in the regular shower.  Nothing suggests plaintiff was in any worse position

24

25       [7]  Plaintiff's allegations against defendants Noack and Savage are found on pages 13 and

26   14 of plaintiff's first amended complaint.  Again, plaintiff refers to defendant Savage as "Pyle" in
   his amended complaint.

than defendants to assess the risk presented by the shower and it does not stand to reason that plaintiff would knowingly place himself in a seriously dangerous situation.[8]   In fact, he was in a better position to understand the risk because he was in the best position to understand the limitations on his ability to move.  Furthermore, nothing indicates plaintiff actually fell in the shower.  While it appears, under the facts alleged, the more appropriate shower would have been the handicapped shower, there is simply nothing before the court suggesting that the manner in which plaintiff did shower presented itself to defendants Noack and Savage as a seriously dangerous situation.  For these reasons, the court will recommend that defendants Noack and Savage be dismissed.

VII.  Defendant Elsey

Plaintiff alleges defendant Elsey denied plaintiff access to the "handicap" shower on May 28, 2008.  Am Compl. at 14.  Plaintiff fails to allege anything suggesting circumstances of the May 28, 2008 shower were materially different than the  May 26, 2008 shower supervised by defendants Noack and Savage.  Therefore, for the same reasons described above, the court will recommend that defendant Elsey be dismissed.

VIII.  San Joaquin County / ADA

After reviewing defendants motion to dismiss and plaintiff's amended complaint, the court cannot identify a claim arising under the ADA against San Joaquin County on which plaintiff can proceed.  Generally, speaking, and with some exceptions, the ADA prohibits public entities from denying services to disabled persons because of their disability.  43 U.S.C. § 12132. As indicated above, plaintiff asserts certain defendants denied him access to a shower designed for handicapped inmates.  Plaintiff admits that the San Joaquin County Jail had such a shower and otherwise fails to allege anything suggesting that San Joaquin County violated any of

---

[8]  Of course, if plaintiff were not allowed to shower at all, a Constitutional violation could occur.  But, plaintiff does not point to anything suggesting the amount of shower time he was allotted even approached a Constitutional violation.

1  plaintiff's rights arising under the ADA.  Also, plaintiff was not actually denied the ability to

2  shower and therefore was not denied a "service" under the ADA.  For these reasons, the court

3  will recommend that plaintiff's ADA claim against San Joaquin County be dismissed.

4         In accordance with the above, IT IS HEREBY ORDERED that:

5         1.  Defendants' January 7, 2011 request for judicial notice is granted; and

6         2.  The court judicially notices the fact that plaintiff was sentenced in the Superior

7  Court of San Joaquin County to state prison on October 24, 2008.

8         IT IS HEREBY RECOMMENDED that:

9         1.  Defendants' motion to dismiss be granted in part and denied in part as follows:

10           A.  Granted as to plaintiff's claims against defendants Ordez, Gudino

11           Noack, Elsey, Savage and San Joaquin County thereby resulting in their

12           being dismissed from this action; and

13           B.  Denied as to plaintiff's Fourteenth Amendment claim against

14           defendant Thomas.

15         2.  Defendant Thomas be ordered to file her answer within twenty-one days.

16         These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

18  one days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  shall be served and filed within fourteen days after service of the objections.  The parties are

22  advised that failure to file objections within the specified time may waive the right to appeal the

23  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

24  DATED:  July 26, 2011

25  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

26  harr1557.57