IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYDE HOLLIS HARRIS,

Plaintiff,

vs.

STATE OF CALIFORNIA, et al.,

Defendants.

No. 2:09-cv-1557 GEB CKD P

FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The only remaining defendant is Sara Thomas[1] who is employed as a nurse at the San Joaquin County Jail. Plaintiff's remaining claim against defendant Thomas arises under the Fourteenth Amendment. Defendant Thomas has filed a motion for summary judgment.

/////

/////

/////

/////

[1] Defendant Thomas is identified as defendant "Sara" in plaintiff's first amended complaint and the court's June 4, 2010, screening order.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

/////

On November 9, 2010 and July 10, 2012, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II. Plaintiff's Claim[1]

Plaintiff alleges he arrived at the San Joaquin County Jail in January of 2007 as a pretrial detainee. When he did, he was in need of foot surgery. Surgery was not performed until February 22, 2008. Generally speaking, plaintiff complains about the care he received after surgery in his first amended complaint.

Plaintiff alleges defendant Thomas caused plaintiff's foot to become infected. Essentially, plaintiff alleges that on February 25, 2008, three days after surgery, defendant Thomas conducted routine treatment on plaintiff's surgical wound. Plaintiff alleges that during the visit, Thomas put one of her hands inside a "bio-hazard-waste bin," and subsequently touched and "rubbed" the open wound on plaintiff's foot with the same hand.

On July 27, 2011, the magistrate judge previously assigned to this case found that plaintiff's allegations against defendant Thomas state a claim upon which relief could be granted under the Fourteenth Amendment. Pretrial detainees receive protection from onerous conditions of confinement from the Fourteenth Amendment and the standards for protection for prisoners under the Eighth Amendment, and pretrial detainees under the Fourteenth Amendment are generally the same. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). All jail officials have a limited duty to protect inmates from harm. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). A jail official will be liable if he knowingly subjects a detainee to a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. Id.

---

[1] Plaintiff's allegations against defendant Thomas are found on pages 10-11 of plaintiff's first amended complaint. Again, plaintiff refers to defendant Thomas as "Sara" in his amended complaint.

III. Analysis

Defendant asserts, among other things, that she is entitled to summary judgment because there is no evidence indicating there was anything harmful in the "bio-hazard-waste bin" on February 25, 2008, and, in any case, plaintiff did not suffer from an infection after being treated by defendant Thomas. Defendant provides an affidavit from orthopedic surgeon John Dowbak. Dr. Dowbak asserts he examined plaintiff on March 3, 2008. While he noted redness in the area where surgery was performed on plaintiff's foot, he found no evidence of infection. Dr. Dowbak asserts the redness on plaintiff's foot was simply trauma from surgery. Dr. Dowbak saw plaintiff again approximately two weeks later and found that plaintiff was healing well without infection.

Dr. Dowbak acknowledges that records authored by someone at San Joaquin General Hospital on February 29, 2008 indicate that plaintiff developed an infection. However Dr. Dowbak indicates that is not accurate because plaintiff's white blood cell count was normal and he did not have a fever.

Plaintiff fails to provide any evidence as to what was in the "bio-hazard-waste bin" when defendant put her hands in there. He asserts there is at least a genuine issue of material fact as to whether he suffered an infection after being treated by defendant Thomas considering medical records from San Joaquin General Hospital from February 29, 2008 indicate that whomever treated plaintiff believed he had an infection and prescribed clindamycin, an antibiotic used to treat infection. Decl. of Gilberto Gutierrez, Ex. E.

Because there is no evidence indicating what was in the "bio-hazard-waste bin" when plaintiff was treated by defendant Thomas, there is no evidence indicating Thomas subjected plaintiff to a "substantial risk of serious harm." The court assumes plaintiff would have been put at some risk of harm if Thomas did in fact put her hands inside the waste bin prior to treating plaintiff with her hands. But, without knowing what was in the waste bin and then having evidence consisting of expert testimony or otherwise explaining what sort of risk of harm


would be created by direct exposure to the material, there is no evidence before the court upon which a trier of fact could conclude that defendant Thomas exposed plaintiff to the level of risk required for a violation of the Fourteenth Amendment.

Furthermore, as defendant argues, there is nothing before the court upon which a trier of fact could base a finding that defendant Thomas caused any injury to plaintiff. See Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) (causation is an element of a § 1983 claim). Even if plaintiff did suffer an infection, there is nothing indicating it was caused in anyway by Thomas.

IV. Conclusion

Because there is no evidence before the court indicating defendant Thomas exposed plaintiff to a substantial risk of serious harm and no evidence that she caused injury to plaintiff, the court will recommend that defendant's Thomas's motion for summary judgment be granted with respect to plaintiff's remaining Fourteenth Amendment claim. In light of the foregoing, the court need not address the other arguments raised by defendant in her motion.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Thomas' April 30, 2012 motion for summary judgment be granted;

2. Plaintiff's Fourteenth Amendment claim against defendant Thomas be dismissed; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

/////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
harr1557.57(2)